UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25169-BLOOM

DANIEL JOSEPH TOUIZER,

    Petitioner,

v.

ATTORNEY GENERAL OF THE
UNITED STATES, *et al.*,

    Respondents.
_____/

## ORDER ON EXPEDITED MOTION FOR BOND PENDING APPEAL

**THIS CAUSE** is before the Court upon Petitioner Daniel Joseph Touizer's ("Petitioner" or "Touizer") Expedited Motion for Release Pending Appeal, ECF No. [51] ("Expedited Motion"), filed on May 24, 2021. Respondent the Attorney General of the United States ("Respondent" or "Government") filed a response, ECF No. [54] ("Response"), to which Touizer filed a reply, ECF No. [55] ("Reply").[1] The Court has carefully considered the Motion, the Response and the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On November 21, 2017, Touizer was charged by indictment with conspiracy to commit mail and wire fraud (Count 1), mail fraud (Counts 2-7), wire fraud (Count 8), conspiracy to commit money laundering (Count 9), and money laundering (Counts 10-11). *United States v. Touizer*, Case No. 17-cr-60286, ECF No. [26].[2] On May 11, 2018, Touizer pleaded guilty to Count 1 charging conspiracy to commit mail and wire fraud. Crim. ECF Nos. [92], [150]. On July 24, 2018, the

---

[1] Respondent Patricia Mikulan joined and adopted the Government's Response. *See* ECF No. [56].

[2] The Court will refer to docket entries in Touizer's underlying criminal case as "Crim. ECF No. [x]."

Court sentenced Touizer to 68 months imprisonment followed by 3 years of supervised release. Crim. ECF Nos. [156], [161]. Touizer was serving his sentence at FCI Miami Satellite Camp from September 20, 2017 until May 22, 2020. In the midst of the COVID-19 pandemic, the Bureau of Prisons ("BOP") determined that Touizer was at serious risk of sickness or death from COVID-19 if he remained in custody at FCI Miami, and granted him release to home confinement on May 22, 2020. According to Touizer, the Residential Reentry Center where he was housed arbitrarily imposed communication restrictions on Touizer, and, on November 10, 2020, his home confinement status was revoked and he was reincarcerated.

This is Touizer's third attempt to obtain release after he was reincarcerated by the BOP for communicating with the victims in his underlying criminal case following his release to home confinement. He commenced this case asserting a claim under 28 U.S.C. § 2241 based on violations of his First, Fifth, and Eighth Amendment rights, which the Court dismissed. *See* ECF No. [45] ("Order"). In addition, Touizer filed a Motion for Compassionate Release in his underlying criminal case, which the Court recently denied. *See* Crim. ECF No. [258]. Touizer has appealed the Order to the United States Court of Appeals for the Eleventh Circuit, which appeal is currently pending. *See* ECF No. [47]. Touizer now seeks release on bond pending appeal, arguing that pursuant to 18 U.S.C. § 3141, this Court must grant his release pending appeal because he is not likely to flee or pose a danger to the safety of the community, the appeal is not for purposes of delay, the appeal raises substantial questions of law and fact, and that the substantial questions are likely to be determined in his favor resulting in reversal of the Order.

In response, the Government argues that 18 U.S.C. § 3141 is not available to Touizer in this case. Moreover, the Government contends that the principal case upon which Touizer relies, *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985), is not analogous and does not

support granting the relief he seeks here. Upon review, the Court agrees.

First, 18 U.S.C. § 3141 speaks of release and detention authority generally, stating in pertinent part that

> **(b) PENDING SENTENCE OR APPEAL.—**
>
> A judicial officer of a court of original jurisdiction over an offense, or a judicial officer of a Federal appellate court, shall order that, pending imposition or execution of sentence, or **pending appeal of conviction or sentence**, a person be released or detained under this chapter.

18 U.S.C. § 3141(b) (emphasis added). In this case, Touizer is not appealing his conviction or his sentence, but rather this Court's Order dismissing his claim for *habeas corpus*. As such, 18 U.S.C. § 3141(b) does not apply. Furthermore, to the extent that Touizer relies further on 18 U.S.C. § 3143, that reliance is also unavailing. Section 3143 by its terms does not explicitly apply to the appeal of a *habeas corpus* proceeding, nor has Touizer cited to any case applying this section in a *habeas* proceeding.

Second, the cases relied upon by Touizer do not support relief in this case. For example, in *Giancola*, the appellants were convicted criminal defendants who requested bail pending appeal at sentencing. 754 F.2d at 899. *Giancola* did not involve the appeal of a *habeas corpus* claim. In *Siegel v. United States Parole Comm'n*, 613 F. Supp. 127, 128 (S.D. Fla. 1985), the district court granted the petitioner's request for release on bond pending review of a parole revocation alleged to be in violation of his rights under the Due Process Clause asserted in a *habeas* proceeding. 613 F. Supp. at 128-29. However, the petitioner in *Siegel* had been on parole, as opposed to home confinement, and *Seigel* does not otherwise address or call into question this Court's determination that it does not have the authority to order Touizer's re-release to home confinement. This is especially so as the Court has no authority to order that the BOP release Touizer to home confinement in the first place.

Accordingly, the Expedited Motion, **ECF No. [51]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record